UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------x
JANE DOE and JOHN DOE

                                          Civil Action No.

                 Plaintiffs,

                                          COMPLAINT

        -against-

OXFORD HEALTH PLANS (NY), INC., OXFORD HEALTH
INSURANCE, INC., OXFORD HEALTH PLANS, LLC,
UNITEDHEALTHCARE INSURANCE COMPANY, and
UNITEDHEALTH GROUP INCORPORATED,

                 Defendants,
-------------------------------------------------x
    Plaintiffs, and each of them, complaining of the
defendants, allege as follows:

### NATURE OF ACTION

1. Defendants violated the Employee Retirement Income
Security Act of 1974 ("ERISA"), 29 USC §§1001, et seq.

### JURISDICTION AND VENUE

2. The Plaintiffs are natural persons residing in New York
State, New York County and Westchester County, respectively.

3. Defendants regularly engage in business in the State of
New York, County of New York.

4. Defendants caused injury-in-fact to the Plaintiffs in
New York.

5. The Court has subject matter jurisdiction under 29 USC
§1132(e)(1); 28 USC §1331; and 28 USC §§2201-2.

6. Venue is proper in this District pursuant to 28 USC
§1391(b) and 29 USC §1132(a)(1).

PARTIES

7. The Plaintiff, John Doe, is a participant and subscriber under an employee welfare benefits plan which provides healthcare benefits issued by the Defendant Oxford Health Insurance, Inc. ("OHI") to John Doe's employer under plan number 1305759, the "Plan."

8. The Plaintiff, Jane Doe, is a beneficiary and patient covered under the Plan under member number xxxxx5765.

9. That OHI underwrites, administrates and operates employee welfare plans and is governed by ERISA in doing so.

10. OHI is a domestic New York for-profit stock company licensed pursuant to Article 42 of the New York Insurance Law maintaining executive offices at 4 Research Drive, 5th Floor, Shelton, Connecticut.

11. OHI is the insurer and administrator of the Plan.

12. Oxford Health Plan (NY), Inc., ("OHPNY") is a domestic New York for-profit corporation acting as an individual practice association model health maintenance organization licensed pursuant to Article 44 of the New York Public Health Law and is an affiliate of OHI.

13. Oxford Health Plans, LLC ("OHP") is a Delaware corporation and the ultimate parent of OHI.

14. UnitedHealthCare Insurance Company ("UHIC") is a Connecticut corporation and the parent of OHI.

15. UnitedHealth Group Incorporated ("UHG") is a Delaware corporation acting as a for-profit holding company and the ultimate parent of OHI and OHP.

16. OHI is licensed to transact and provide, inter alia, health insurance as defined in ¶3(i) of §1113(a) of the New York Insurance Law of the State of New York.

<u>FACTS</u>

17. That at all times hereinafter mentioned, OHI issued a Certificate of Coverage ("COC") under the Plan to John Doe's employer which remains in effect to date.

18. That at all times hereinafter mentioned the policy premium was paid in full and the Plan remains in force to date.

19. The Plan funds healthcare benefits for an employee welfare benefit plan within the meaning of 29 USC §1002(3).

20. The Plan is governed by ERISA.

21. The Plaintiff Jane Doe was at all times, hereafter setforth, and remains, a beneficiary of the Plan.

22. That the Plaintiffs have standing to pursue the causes of action herein.

23. That pursuant to the dictates of ERISA, the Defendants, and each of them, in particular OHI, are fiduciaries under the Plan charged with protecting beneficiaries such as Plaintiff Jane Doe equitably and is paid a fee in processing claims for

healthcare benefits pursuant to ERISA §3(21)(A), 29 USC §1002(21)(A).

24. That OHI handles all claims for healthcare benefits, including making all claims determinations under the Plan.

25. That in 2022, the Plaintiff Jane Doe came under the care of out-of-network board certified plastic surgeon Samieh Rizk, MD with offices at 1040 Park Avenue, New York, New York, 10128 for the repair of a collapsed nose secondary to substance abuse and remains under his care to date.

26. That pursuant to the terms of the COC, out-of-network benefits are provided to Plan participants.

27. That Dr. Rizk is a double board certified plastic surgeon licensed to practice medicine in the State of New York.

28. That Dr. Rizk's Park Avenue Facial Surgery suite is a Gold Seal Certified Surgical Facility accredited by the Joint Commission on Accreditation of Healthcare Organizations (the "Joint Commission"), an accrediting body recognized by OHI as authoritative in the Plan's COC.

29. That the Joint Commission, upon surveying Dr. Rizk's Park Avenue Facial Surgery location, found it to meet the requirements for the "Office Based Surgery Accreditation Program" in effect on April 14, 2022.

30. The Joint Commission accreditation is valid for a period of three years upon renewal.

31. That on April 14, 2022, Jane Doe underwent medically necessary open rhinoplasty with five costal irradiated rib cartilage grafts with AlloDerm overlay performed by Dr. Rizk at his Manhattan office suite under general anesthesia.

32. That in its final denials, OHI does not challenge the medical necessity of the procedure performed by Dr. Rizk.

33. The anesthesiologist for the said procedure was out-of-network provider, Dr. Robert Scolnick, a board certified anesthesiologist licensed to practice medicine in the State of New York.

34. That Dr. Rizk's fee for his services was $40,000.00 and is paid in full.

35. That Dr. Scolnick's fee for his services was $1,500.00 and is paid in full.

36. That the facility fee for the surgery at Park Avenue Facial Surgery was $5,000.00 and is paid in full.

37. That on October 12, 2022, John Doe spoke with OHI's "Mary" at the "800" number provided on the back of the Oxford member's ID card and was advised that CPT (Current Procedural Terminology) codes of 30410 and 30468 were the proper coding to seek reimbursement and that pre-qualification was not necessary.

38. On October 31, 2022, the invoices for the services of Dr. Rizk and Park Avenue Facial Surgery were submitted to the Defendants under the terms of the COC for reimbursement.

39. It was not until April 21, 2023 that OHI responded issuing an Explanation of Benefits Statement ("EOB") denying Dr. Rizk's "$400.00" invoice upon the sole ground that: "Adjustment Code" "CES 300- This service is not separately reimbursable in this setting."

40. That on October 31, 2022, the invoice for the services of Dr. Scolnick was submitted to the Defendants under the terms of the Plan for reimbursement.

41. That on November 18, 2022, the Defendants issued an EOB as to Dr. Scolnick's claim advising that they "need more information" regarding coding.

42. That on December 7, 2022 John Doe spoke with OHI's "Nadira" at the 800 number who requested a copy of Dr. Rizk's operative report. A corrected claim under "DQ1404334" was submitted providing the operative report.

43. That on December 21, 2022, the Defendants issued an EOB denying Dr. Rizk's fee reimbursement claim without documentary explanation.

44. That on December 22, 2022, the Defendants issued an EOB for Dr. Scolnick's fee reimbursement claim setting forth, in incomprehensible language, that the "service time modified remaining minutes greater than 60 from the add on code" issuing corrected claim "DQ95415849".

45. That on December 23, 2022, the Defendants issued a further EOB denying Dr. Rizk's fee upon the ground that the "claim already submitted."

46. That on January 5, 2023, John Doe spoke with OHI's "Charde" as to the status of the claims (reference # 24003938) pointing out that Dr. Rizk's fee is $40,000.00, not $400.00.

47. That on February 2, 2023 the Defendants issued EOBs denying Dr. Scolnick's fee reimbursement under a claimed invalid coding under "AMA guidelines" and as to Dr. Rizk, that "more information [was] needed," without specificity.

48. That on February 14, 2023 John Doe again spoke with OHI's "Jesse" and requesting a "supervisor" spoke with "Kayana" again pointing out that the coding on both Dr. Rizk's invoice and Dr. Scolnick's invoice were compliant with "CPT" and "ICD-10" (International Classification of Diseases, Tenth Revision). Kayana issued the Rizk invoice case number 26643930 and the Scolnick invoice case number 26644609 for resubmission, which, by such process extended all internal administrative time periods.

49. That on March 2, 2023, John Doe spoke with OHI's "Marie" and "Ian" by telephone and sent an email, the third submission, addressing the coding on the invoices.

50. On March 4, 2023, OHI wrote to the beneficiary that the "Manhattan Facial" claim was "paid" according to the Plan's

"SURGICAL_SERVICES" benefit without reference or definition. No payment was actually made.

51. On March 15, 2023, John Doe had a telephone conference with OHI's "Chris T." who advised that Dr. Scolnick's claim would be reprocessed as OHI did not have Dr. Scolnick's updated medical license information and assigned case number 27971276, which, again, extended any internal administrative time periods to act.

52. On March 15, 2023 OHI issued an EOB as to "Manhattan Facial" denying the claim due to "coding improper."

53. On March 15, 2023 an email was sent to OHI's "Chris T." forwarding Dr. Rizk's operative report notwithstanding that it was previously sent to OHI on December 7, 2022.

54. On March 16, 2023 OHI sent a letter, again in incomprehensible language, advising "we did not receive the non par as requested." No definition of "non par" was provided.

55. On March 27, 2023, John Doe spoke with OHI's "Leigha Caron," a supervisor for the Defendants, who had no idea what "non par" referred to. Ms. Caron advised that OHI needed an updated W-9 for Dr. Scolnick and, again, a letter of medical necessity from Dr. Rizk. Ms. Caron made no mention as to the "setting" for the procedure. She advised that "corrected" claims providing the requested information should be sent to OHI and were in fact emailed to Leigha Caron on like date.

56. On March 28, 2023, John Doe had a telephone conference with OHI's "Linda" who advised OHI is waiting for Dr. Scolnick's W-9 and that she saw Chris T's notes acknowledging that Dr. Scolnick is licensed to practice medicine in New York State.

57. On March 3, 2023, "Leigha" sent an email advising that a decision "due date" was April 8, 2023.

58. On April 7, 2023 OHI's "Linda O." advised that corrected claim case reference #29150548 was denied on February 1, 2023 or March 15, 2023, neither of which was received by the Plaintiffs, upon the grounds of "without medical necessity." Linda O. advised that on March 31, 2023 a "medical review" by Dr. Nady Catef (*sic*) was issued, (suggesting that the February 1, 2023 or March 15, 2023 denial of the corrected claim was without support and therefore arbitrary and capricious) acknowledging Dr. Rizk's April 6, 2023 letter of medical necessity was not reviewed. The review by Dr. Catef was never provided to the Plaintiffs. Linda O. resubmitted Dr. Rizk's claim. Linda O. also resubmitted Dr. Scolnick's claim. Both resubmission thus extended anu internal administrative time periods to act.

59. On April 21, 2023, OHI issued a EOB denying Dr. Rizk's "$400.00" claim as it was performed in this "setting."

60. On April 22, 2023 Plaintiffs submitted their first level appeals as to both Dr. Rizk and Dr. Scolnick's claims.

61. On May 4, 2023 John Doe had a telephone call with OHI's "Beatrice" who advised that CPT Code 30410 "reconstruction of nose" cannot be performed in an "office setting." When asked why, she could not answer. OHI still had Dr. Rizk's fee listed as "$400.00." Beatrice then re-submitted Plaintiffs' first level of appeals under corrected claim reference number DQ14043334, again extending any internal administrative time period to act.

62. By letters dated May 6, 2023, OHI acknowledged the May 4, 2023 "request[s] sent on your behalf [by Beatrice] to review our previous benefit decision[s] in the Central Escalation Unit."

63. On June 2, 2023, OHI denied Plaintiffs' first level of appeal from the resubmission by Beatrice on May 4, 2023 and upheld denial of Dr. Rizk's "$400.00" fee for services claim upon the ground that "service code is not separately reimbursable in this setting," again without supporting standard, definition or documentation, directing the Plaintiffs' to Section XXVII, sub sec. 22 of the COC stating "we may develop standards." Subsection 22 provides that "standards are to determine whether… surgery was Medically necessary to treat Your illness or injury." By this plain language, Subsection 22, essentially a self-serving "discretionary clause," has nothing to do with nor does it mention the word "setting." At no time has OHI produced copies of the "standards" relied upon.

64. On June 2, 2023, OHI inconceivably issued a further EOB as to Dr. Scolnick's fee for services claim requesting "medical records for the above service date(s), itemized statement, Providers Name" and "Dates of Service," all previously provided.

65. On June 5, 2023, notwithstanding the June 2, 2023 "upholding" of the denial of Dr. Rizk's fee for services, OHI issued a further EOB, again denying the "$400.00" fee for service code 30410 without consideration of CPT code 30465 and again without reference to a "standard," definition or documentation.

66. On June 8, 2023, John Doe spoke with OHI's "Sal" who advised that the "Resolving Analyst," "Rahul D.", issuing the June 2, 2023 denial of Dr. Rizk's "$400.00" fee for services "overlooked code 30465" as code 30410 "cannot be submitted alone." Sal updated the coding and the fee ($40,000.00). Sal also updated the facility invoice for Park Avenue Facial Surgery and resubmitted the invoices to the "team" to "reopen."

67. A day later, on June 9, 2023, OHI issued a further EOB denying Dr. Rizk's correct fee of $40,000.00 upon the ground that it is "not reimbursable in this setting," again without supporting standard, definition or documentation.

68. On June 12, 2023, OHI advised that it "received more information and reprocessed this claim" regarding Dr. Scolnick's

$1,500.00 fee for services and paid $147.06 by check to John Doe toward that claim.

69. On June 21, 2023, John Doe spoke with OHI's "Marie" seeking information as to how OHI arrived at the sum of $147.06 as reimbursement of Dr. Scolnick's $1,500.00 fee which could not be answered.

70. On June 22, 2023, John Doe spoke with OHI's "Ryan" and supervisor "Megan C." seeking information as to how OHI arrived at the sum of $147.06 as reimbursement of Dr. Scolnick's fee of $1,500.00, which again could not be answered.

71. That on June 23, 2023, John Doe spoke with OHI's supervisor "Dawani" and was advised that Dr. Scolnick's invoice was accepted by OHI in the amount of $147.06 and that that amount could be disputed.

72. That on June 29, 2023, John Doe received an email from OHI's supervisor "Meghan C." and was advised that she was submitting two new appeals for the denial of Dr. Rizk's fee and the partial denial of Dr. Scolnick's fee, again extending the internal administrative time periods to act.

73. That on July 14, 2023, Plaintiffs appealed OHI's denial of Dr. Scolnick's fee as the amount used as a base fee by OHI was not in accord with like anesthesiologists in the same zip code.

74. That on August 2, 2023, the Defendants issued a further denial of Dr. Rizk's fee reimbursement claiming that it was "not separately reimbursable in this setting," again limited to CPT code 30410 again without pointing to any supporting standard, definition or documentation.

75. That on August 14, 2023, John Doe spoke with OHI's "Nick" and then supervisor "Dawani," who acknowledged receipt of the Plaintiffs' July, 14, 2023 Scolnick appeal on July 26, 2023.

76. On September 1, 2023, John Doe spoke with OHI's "Kathy" who was to review Dr. Rizk's fee for services claim and ask how it should be submitted. Kathy never got back to John Doe.

77. That on September 6, 2023 Dr. Rizk's office manager Dila spoke with "Ann A." (reference # 37124768) advising that Dr. Rizk's office is a certified facility under the Joint Commission and that the type of surgery performed is routinely performed by Dr. Rizk in that "setting."

78. That on September 25 and 26, 2023, John Doe spoke with "Lisa Jackson" of OHI's Central Escalation Unit who <u>resubmitted</u> the appeal for Dr. Rizk's fee for services reimbursement claim as Dr. Scolnick's fee was partially paid and that it was inconsistent to deny Dr. Rizk's fee for services reimbursement claim.

79. On October 3, 2023 Plaintiffs received a letter from OHI acknowledging Lisa Jackson of the Central Escalation Unit is handling Dr. Rizk's fee reimbursement claim.

80. On October 10, 2023, Lisa Jackson acknowledged "appeal" was submitted with a "due date" of October 29, 2023.

81. On October 16, 2023, OHI issued a form letter, using incomprehensible language, in affirmance of the denial of the balance of Dr. Scolnick's fee for services claiming:

> "We determined Our Allowed Amount for NonParticipating Providers as follows:
>
>> 1. <u>Facilities</u>. For Facilities, the Allowed Amount will be 140% of the Medicare Amount.

The "Medicare Amount" was not provided and OHI continued to mislabel Dr. Scolnick's professional fee as a "facilities fee."

82. On November 16, 2023 Plaintiffs wrote to OHI (received by OHI on November 20, 2023) pursuant to the terms of the COC, regarding Dr. Scolnick's fee reimbursement claim and requested:

> Copies of all information and materials you used and relied upon to reach your determination to uphold Oxford's position, including, but not limited to adjustment Code Descriptions "CAD751," "CAD995," and "MNRP01" at your earliest convenience.

The request went unanswered by OHI.

83. On November 27, 2023, December 11, 2023 and January 4, 2024, Plaintiffs wrote to Lisa Jackson of OHI's Central

Escalation Unit to inquire as to the status of her, Ms. Jackson's, "appeal" and gained no response.

84. On December 13, 2023, Plaintiffs submitted their second level review appeal as to OHI's denial of Plaintiffs' first level review appeal dated July 14, 2023 for Dr. Scolnick's fee reimbursement claim, received by OHI on December 27, 2023.

85. On December 29, 2023 John Doe spoke with OHI's "Cels M." who advised that Dr. Rizk needs to breakdown the amounts for his services under each CPT code and submit a corrected claim. This was previously done on July 7, 2023 under corrected claim number DX38769541.

86. On January 10, 2024, John Doe spoke with OHI's "Kayana," a supervisor with OHI, to inquire as to the status of Plaintiffs' ("Beatrice's") May 4, 2023 first level appeal resubmitted by "Lisa Jackson" on September 26, 2023, and was advised Plaintiffs' appeal was "not noted in the system" and that she was resubmitting the appeal.

87. On January 11, 2024, OHI issued three mailings as to Dr. Rizk's fee reimbursement claim to the Plaintiffs consisting of: an acknowledgement of Plaintiffs' ("Beatrice's") May 4, 2023 first level appeal; a denial of Plaintiffs' May 4, 2023 first level appeal; and subsequently a mail package enclosing the COC with a U.S.P.S. metered stamp date of February 2, 2024 under a cover letter dated January 11, 2024.

88. On January 19, 2024, Plaintiffs wrote to OHI requesting all materials relied upon in reaching its decision denying the Dr. Rizk fee claim for professional services including, "but not limited" to,

- Records
- Communications, including e-mails by and between advocates and superiors
- Evidence not included as part of the appeal
- Internal rules used
- My plan benefits
- Guidelines or rules relied on
- Explanation of your scientific or clinical determination
- Diagnosis, treatment, and service codes and their meanings
- Definition of "setting" for the procedure and the applicable code
- Other information relevant to my appeal
- The "service code" Oxford claims should have been used to allow reimbursement
- Printout of "Rhinoplasty and other Nasal Procedures" applicable to the above Plan
- Printout of applicable "Site of Service Differential" for the subject procedure

None of the foregoing was produced by the Defendants notwithstanding the terms of the COC. On May 24, 2024, the Defendants simply re-mailed the COC.

89. On January 11, 2024, eight (8) months from OHI's receipt of Plaintiff's ("Beatrice's") May 4, 2023 first level appeal, OHI issued a letter advising that it had "upheld" its denial of Dr. Rizk's fee reimbursement claim with the advice:

> "This service code (without indication) is not separately reimbursable in this setting (again without standard, definition or documentation)."

90. On January 19, 2024, the Plaintiffs received a letter from OHI that its Central Escalation Unit received the request to address Plaintiffs' November 16, 2023 and December 13, 2023 letters requesting all materials relied upon by OHI in its denial of Dr. Scolnick fee reimbursement and the second level of appeal regarding Dr. Scolnick's fee claim. Nothing further than the two copies of the COCs were produced.

91. On January 29, 2024, OHI wrote to Jane Doe advising "we received a request sent on your behalf to review our previous decision in the Central Escalation Unit."

92. On February 10, 2024, well within the 60 day COC time period to seek review of a determination, Plaintiffs submitted their second level appeal as to Dr. Rizk's fee reimbursement claim pointing out that the OHI "Resolving Analyst," "Mulukala S.," had no supporting basis for upholding the denial of Dr. Rizk's fee reimbursement claim.

93. On February 27, 2024, the Plaintiffs received from OHI two letters verbatim to OHI's January 11, 2024 letters. The first letter advised that OHI acknowledged it "received a request sent on your behalf to review our previous benefit decision in the Central Escalation Unit" and the second "upheld" the denial of Dr. Rizk's fee reimbursement claim citing to the discretionary clause in the COC again without reference to a standard, definition or documentation, advising "[t]his service

code is not separately reimbursable in this setting" and further advising the Plaintiffs that they have exhausted their appeals and invited the Plaintiffs to "file a civil action" which "expiration date for filing (*sic*) civil action will expire on August 11, 2024."

94. On April 2, 2024 John Doe spoke with OHI's "Lisa Downie" requesting responses to Plaintiffs' November 16, 2023 and December 13, 2023 letters. At Ms. Downie's request, copies were emailed to her at issueresolution@uhc.com. OHI has failed to respond to date.

95. On May 6, 2024 John Doe spoke with OHI's "Patricia Villegas," a supervisor, addressing the timeliness of Plaintiffs' claims based upon OHI's October 16, 2023 letter advising that the time period is within 60 days of the plan participant's receipt of the denial. Ms. Villegas resubmitted the appeals.

96. On May 13, 2024, OHI denied Plaintiffs' appeal of the denial of Dr. Scolnick's fee reimbursement claim claiming that it "did not receive it within 60 days of the date of your denial notice as required by [uncited] applicable regulations." Realizing its error, OHI immediately followed this purported timeliness defense, as the appeals were continually resubmitted by OHI for further determination, with a May 16, 2024 letter upholding its denial of Dr. Scolnick's fee reimbursement claim

based upon the "discretionary clause" in the COC and again confusing Dr. Scolnick's fee for a "Facilities" fee. OHI then advised Plaintiffs that they have exhausted their appeals and invited the Plaintiffs to bring a civil action advising that "[t]he expiration date for the filing (*sic*) civil action will expire on August 11, 2024."

AS AND FOR A CAUSE OF ACTION
PURSUANT TO 29 USC §1132(a)(1)(B)

97. All preceding paragraphs are re-alleged and made a part hereof.

98. ERISA imposes higher-than-marketplace quality standards on insurers and plan administrators such as the Defendants herein and in particular OHI. It sets forth a special standard of care upon a plan fiduciary such as OHI, acting as an agent of the Plan, to discharge its duties in respect to claims processing solely in the interests of the participants and beneficiaries of the Plan "with care, skill, prudence, and diligence." 29 USC §1104(a)(1)(B).

99. Pursuant to ERISA, the Plaintiffs are afforded the right to seek "benefits" "under the terms" of the Plan; to "enforce [their] rights" "under the terms of the Plan"; or to clarify their rights to future benefits "under the terms" of the Plan. See §502(a)(1)(B); 29 USC §1132.

100. That the failure of the Defendants, in particular OHI, to follow the terms of the Plan in adjusting the claims for the

fee reimbursement claims of the Plaintiffs, breached their fiduciary duty owed to the Plaintiffs as the Defendants failed to discharge their duties solely in the interest of the Plan participant and beneficiary for the exclusive purpose of providing benefits to them with reasonable care, skill, prudence, and diligence. 29 USC §1104(a)(1)(B).

101. That the Defendants, in particular OHI, breached their fiduciary duty to the Plaintiffs by failing to follow the plain language of the Plan and the explicit procedural guidelines mandated by ERISA as OHI failed to set forth "the specific reasons for such denial[s], written in a manner calculated to be understood by the participant." 29 USC §1133(1).

102. That the outright denial of Dr. Rizk's fee reimbursement and that of Park Avenue Facial Surgery in light of the partial payment of Dr. Scolnick's fee is inconsistent and therefore arbitrary and capricious under the mandates of ERISA as OHI failed to apply the Plan provisions consistently with respect to similarly situated claimants and therefore a violation of 29 CFR §2560.503-1(6)(5).

103. The reliance by OHI on the undefined "setting" for the underlying surgical procedure is without support in the plain language of the COC and as such provides no evidence in support of Defendants' denials and it therefore was an abuse of discretion to deny Plaintiffs claims to the detriment of the

Plaintiffs as the failure of OHI to point to any provision of the COC or separate "standard" it has allegedly "develop[ed]," renders OHI's decision arbitrary and capricious.

104. That OHI's continuing failure to accept that Dr. Scolnick's fee is for anesthesia services and is not a "facilities" fee is mismanagement and neglect of Plaintiff's claim and therefore an abuse of discretion, arbitrary and capricious and a violation of its duties under ERISA as OHI failed to adjust the claim with reasonable care, skill, prudence, or diligence.

105. That the Defendants, in particular OHI, in maintaining a dual role in both evaluating and paying benefits under the Plan, created a *per se* conflict of interest and an abuse of its discretion allowing Plaintiffs discovery beyond the administrative record as OHI's denials were not supported in the administrative record.

106. That the Defendants, in particular OHI, are bound by the administrative record and estoped from adding to it beyond the COC that they represented they solely relied upon in rendering their decisions herein.

107. That the Defendants, in particular OHI, breached their fiduciary duty to Jane Doe when they failed to comply with their obligations under 29 USC §1104 and 29 USC §1132 to act solely in Jane Doe's interests and for the exclusive purpose of providing

benefits to Jane Doe as an ERISA beneficiary and to provide a full and fair review of her claims.

108. That the Plaintiffs have, as recognized by the Defendants, exhausted their administrative remedies.

109. That the Defendants, and in particular OHI, have caused the Plaintiffs damages in the form of the denials of reimbursement of medical fees as hereinbefore set forth.

110. That the Defendants', in particular OHI's, violation of ERISA's explicit procedural guidelines and upon the clear facts of the administrative record evidencing OHI's breach of its fiduciary duty in failing to administer the claims herein to the benefit of the participant and beneficiary under the terms of the Plan, whether labeled discretionary or not, supports this Honorable Court's *de novo* review and determination.

111. That the Defendants, and in particular OHI, are responsible to reimburse the Plaintiffs for said medical fees pursuant to the plain language of the COC, together with prejudgment interest pursuant to CPLR 5004, along with attorney fees and costs pursuant to 29 USC §1132(g)(1).

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs pray for relief as follows:

(a) A declaration that the Defendants are in violation of ERISA;

(b) Equitable and injunctive relief sufficient to remedy Defendants' unlawful conduct ordering the Defendants *de novo* reimbursement of the aforesaid fee reimbursement claims as the administrative record clearly shows that OHI abused its discretion;

(c) In the alternative, an order directing the Defendants to conduct a full and fair review of the fee reimbursement claims in the confines of the administrative record as limited by the Defendants to the COC as they abused their discretion as their review was arbitrary and capricious and without support in the administrative record;

(d) Further equitable relief against the Defendants;

(e) Attorney's fees, expenses and costs of this action;

(f) Interest as allowed by law; and

(g) All such further relief as this Court deems just, proper and equitable.

Dated: Tarrytown, New York
       August 5, 2024

                              Yours, etc.

                              REARDON & SCLAFANI, P.C.

                              Attorneys for Plaintiffs
                              OFFICE & P.O. ADDRESS
                              220 White Plains Road, Suite 235
                              Tarrytown, New York 10591
                              (914) 366-0201

                              By: _____
                                  MICHAEL V. SCLAFANI (MS 9120)
                                  *mvsclafani@sclafani-law.com*