**REARDON & SCLAFANI, P.C.**
ATTORNEYS AT LAW
220 WHITE PLAINS ROAD, SUITE 235
TARRYTOWN, NEW YORK  10591

MICHAEL V. SCLAFANI
VINCENT M. SCLAFANI
NICHOLAS J. ACCURSO

EDWARD D. SCHMITT*
JULES J. RAVO
    OF  COUNSEL

* ALSO ADMITTED IN CA

Telephone (914) 366-0201
Facsimile (914) 366-0022
(Not for Legal Service)

August 12, 2024

BY ECF

Hon. Lewis J. Liman, U.S.D.J
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

    RE:    Letter-Motion
            Doe v. Oxford Health Plans (NY), Inc., et. al.
            24-cv-5922(LJL)

Dear Judge Liman:

    Plaintiffs respectfully submit this letter-motion in response to the Court's August 7, 2024 Order for leave to proceed pseudonymously in this action.

    Further, the Plaintiffs request that the declaration of Plaintiff Jane Doe's treating physician, Stanislav R. Vorel, M.D., Ph. D., be allowed to be filed unredacted under seal.

BACKGROUND

    The action was commenced by the filing of a complaint in this Court on August 5, 2024. (Doc. No. 1) The gravaman of the complaint seeks relief on behalf of the Plaintiff Jane Doe pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 USC §§1001, et seq.

    Jane Doe is a beneficiary and patient covered under an ERISA Plan through her father's employer issued by Defendant Oxford Health Insurance, Inc. ("OHI"). Doc. No. 1, ¶¶7-9.

    After years of battling substance abuse forcing her to withdraw from her Masters of Fine Arts program, Jane Doe has been sober since

2021 through hard work, diligence, psychiatric guidance and now weekly after daily Alcoholics Anonymous meetings. That on April 14, 2022, Jane Doe underwent medically necessary open rhinoplasty with five costal irradiated rib cartilage graphs with AlloDerm overlay, secondary to substance abuse, performed by board certified plastic surgeon Samieh Rizk, MD under general anesthesia at his 1040 Park Avenue, New York, New York 10128 officed. Id. ¶¶25, 31. Subsequently, in violation of ERISA, Defendant OHI denied the associated fees, in part, for the surgical procedure resulting in the instant action. It is Plaintiffs' claim that OHI breached its fiduciary duty to Jane Doe in failing to administer the claims herein to the benefit of the Plan's beneficiary as it did so in an arbitrary and capricious manner.

## EXHIBITS

Exhibit "1"- Redacted Declaration of Dr. Stanislav R. Vorel, M.D., Ph. D.

## ARGUMENT

Plaintiffs are not requesting a complete "seal" of the Court record. Plaintiffs merely seek allowance to proceed pseudonymously.

The public, should they be so inclined, will have ready access to the Court record. Further, the Defendants, will not be prejudiced in any fashion as the Complaint provides them with the Group number to the Plan and the identifying beneficiary's member number, both issued by OHI. Doc. No. 1 ¶¶"7" and "8." Permitting the Plaintiff to proceed under a pseudonym, however, "safeguards her privacy to a meaningful extent." Doe v. City of New York, 2024 WL 3460095 (SDNY, July 18, 2024)(Woods, J.) citing Judge Koeltl (MC DKT. No. 3). See also the declaration of Jane Doe's treating psychiatrist, Dr. Stanislav R. Vorel, attached hereto.

Here, the Plaintiffs are not proceeding *pro se*. There will be a readily identifiable attorney signing all submissions to the Court. Publicola v. Lomenzo, 54 F.4th 108, 111 (2d Cir. 2022) citing Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 188 (2d Cir. 2008).

Further, to enable the Court to exercise its authority to levy sanctions, if necessary, check for conflicts or enter judgments, the simple expedient of requiring the Plaintiffs to file a complaint containing their real names and addresses under seal will protect those concerns. See, Roe 1 v. City of New York, 2020 WL 7264563 (SDNY, 2020); Osrecovery, Inc. v. One Grp. Intern., Inc., 2003 WL 23313 (SDNY, 2003); Doe v. City of New York, 1985 WL 4401 (SDNY, 1985).

Hon. Lewis J. Liman, U.S.D.J
Page 3

    In retrospect, it would have been more prudent for the Plaintiffs to have first made an application before the Court to proceed pseudonymously before the filing of the instant complaint, for which we apologize burdening the Court. In addition to the filing deadline imposed by OHI, our office is just recovering from a COVID resurgence. We request that the Court excuse this oversight and grant the instant motion accordingly.

                                        Respectfully,

                                        REARDON & SCLAFANI, P.C.

                                        By: _____
                                             NICHOLAS J. ACCURSO (NA 1853)

NJA/aa
Enc.